UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANESSA JIMENEZ, Individually, and On Behalf of All Others Similarly Situated,

      *Plaintiff*,

v.

SENIOR EXCHANGE INC.,

      *Defendant*.

**ANSWER**

Civil Action No.
1:23-cv-00323

  Defendant Senior Exchange Inc. ("Defendant"), by and through its attorneys, Barclay Damon LLP, as and for its Answer to the Complaint, hereby states as follows:

  1. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of whether Plaintiff is a visually impaired and legally blind individual person who requires screen reading software to access website content using her computer. Defendant states that a response to remaining allegations in paragraph 1 of the Complaint is not required, however, to the extent a response is required, Defendant denies the remaining allegations in paragraph 1 of the Complaint and refers all questions of law to the Court.

  2. Defendant admits that its website provides for the ability to purchase equipment and products that aid seniors, but denies the remaining allegations in paragraph 2 of the Complaint and refers all questions of law to the Court.

  3. Defendant denies that its website currently has access barriers and states that a response to the remaining allegations in paragraph 3 of the Complaint is not required; however, to the extent a response is required, Defendant denies the remaining allegations in paragraph 3 of the Complaint and refers all questions of law to the Court.

4. Defendant states that a response to paragraph 4 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint and refers all questions of law to the Court.

5. Defendant admits that it owns and/or operates its website, but denies the remaining allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7 and refers all questions of law to the Court.

8. Defendant states that a response to paragraph 8 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint and refers all questions of law to the Court.

9. Defendant denies the allegations contained in paragraph 9, and specifically denies that this Court has subject matter jurisdiction over the claims alleged, and otherwise refers all questions of law to the Court.

10. Defendant denies the allegations contained in paragraph 10 and refers all questions of law to the Court.

11. Defendant states that a response to paragraph 11 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint and refers all questions of law to the Court.

12. Defendant denies the allegations contained in paragraph 12 and refers all questions of law to the Court.

13. Defendant denies the allegations contained in paragraph 13 and refers all questions of law to the Court.

14. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of Plaintiff's residence or whether she is a blind, visually-impaired handicapped person. Defendant states that a response to remaining allegations in paragraph 14 of the Complaint is not required, however, to the extent a response is required, Defendant denies the remaining allegations in paragraph 14 of the Complaint and refers all questions of law to the Court.

15. Defendant admits that it is a company registered in California and conducts business in New York through its website, but denies the remaining allegations contained in paragraph 15 of the Complaint and refers all questions of law to the Court.

16. Defendant states that a response to paragraph 16 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant states that a response to paragraph 17 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant states that a response to paragraph 18 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant states that a response to paragraph 19 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint and refers all questions of law to the Court.

20. Defendant states that a response to paragraph 20 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 20 of the Complaint and refers all questions of law to the Court.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, and refers all question of law to the Court.

22. Defendant states that a response to paragraph 22 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 22 of the Complaint and refers all questions of law to the Court.

23. Defendant state that a response to paragraph 23 of the Complaint is not required, however, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint, and refers all questions of law to the Court.

24. Defendant state that a response to paragraph 24 of the Complaint is not required, however, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint, and refers all questions of law to the Court.

25. Defendant denies that its website is non-compliant and states that a response to remaining allegations in paragraph 25 of the Complaint is not required; however, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 of the Complaint, and refers all questions of law to the Court.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint and refers all questions of law to the Court.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint and refers all questions of law to the Court.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and refers all questions of law to the Court.

29. Defendant denies the allegations in contained paragraph 29 of the Complaint and refers all questions of law to the Court.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and refers all questions of law to the Court.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and refers all questions of law to the Court.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and refers all questions of law to the Court.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint and refers all questions of law to the Court.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint and refers all questions of law to the Court.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint and refers all questions of law to the Court.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint and refers all questions of law to the Court.

37. Defendant denies the allegation contained in paragraph 37 of the Complaint.

38. Defendant admits that it invested time and resources in developing and maintaining the website, but denies the balance of each and every allegation contained in paragraph 38 of the Complaint and refers all questions of law to the Court.

39. Defendant states that a response to paragraph 39 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 39 of the Complaint and refers all questions of law to the Court.

40. Defendant states that a response to paragraph 40 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations in paragraph 40 of the Complaint and refers all questions of law to the Court.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and refers all questions of law to the Court.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint and refers all questions of law to the Court.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and refers all questions of law to the Court.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint and refers all questions of law to the Court.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint and refers all questions of law to the Court.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint and refers all questions of law to the Court.

**COUNT I**

47. Defendant repeats and realleges the foregoing responses as if they were more fully set forth herein.

48. Defendant states that a response to paragraph 48 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint and refers all questions of law to the Court.

49. Defendant denies the allegations in paragraph 49 of the Complaint and refers all questions of law to the Court.

50. Defendant denies the allegations in paragraph 50 of the Complaint and refers all questions of law to the Court.

51. Defendant states that a response to paragraph 51 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Complaint and refers all questions of law to the Court.

52. Defendant states that a response to paragraph 52 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Complaint and refers all questions of law to the Court.

53. Defendant states that a response to paragraph 53 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint and refers all questions of law to the Court.

54. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of whether Plaintiff is disabled or is otherwise a member of a protected class, and refers all questions of law to the Court.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint and refers all questions of law to the Court.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint and refers all questions of law to the Court.

## COUNT II

57. Defendant repeats and realleges the foregoing responses as if they were more fully set forth herein.

58. Defendant states that a response to paragraph 58 of the Complaint is not required, however, to the extent a response is required, Defendant denies the allegations contained in paragraph 58 of the Complaint and refers all questions of law to the Court.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint and refers all questions of law to the Court.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint and refers all questions of law to the Court.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint and refers all questions of law to the Court.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint and refers all questions of law to the Court.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint and refers all questions of law to the Court.

## COUNT III

64. Defendant repeats and realleges the foregoing responses as if they were more fully set forth herein.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint and refers all questions of law to the Court.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint and refers all questions of law to the Court.

**GENERAL DENIAL**

Defendant further denies that Plaintiff is entitled to the relief demanded under the *prayer for relief* clause of the Complaint and denies any allegations contained therein, along with each and every allegation set forth in the Complaint not specifically controverted above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

67.  The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

68.  Upon information and belief, Plaintiff and her attorney commenced this action for the sole purpose of asserting a claim for attorneys' fees.  Plaintiff could have, but chose not to, provide notice and an opportunity to cure any of the conditions alleged in the Complaint, which would have avoided the need to incur attorneys' fees, as well as the unnecessary waste of judicial resources.  As such, Plaintiff is not entitled to recover attorneys' fees.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

69.  Plaintiff lacks standing and her claims are moot, and the Court otherwise does not have subject matter jurisdiction over the claims alleged in the Complaint.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

70.  The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or notice requirements.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

71.  The conditions alleged in the Complaint are *de minimis* and do not violate federal, state, or local law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims are barred to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies, and to the extent that Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statue(s), rule(s) and/or act(s).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, unjust enrichment, laches, and waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.     The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff would place an undue burden on Defendant and, therefore, are not required by any statute, rule, or regulation.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75.     The modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff are impractical, technically infeasible, and are not readily achievable, and, therefore, are not required by any statute, rule, or regulation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred because she has suffered no damages, injuries, or losses of any kind of character.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred to the extent that multiple claimed violations of the alleged statue(s), rule(s) and/or act(s) are properly considered to be one violation.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

78. Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendant's website, and, if she visited the website, she visited it solely for the purposes of initiating this action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

79. Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services at Defendant's website.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

80. The items identified by Plaintiff are not barriers to access and do not otherwise prevent enjoyment of Defendant's website.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

81. Plaintiff's claims are barred to the extent she is a vexatious litigant.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

82. Plaintiff's claims are barred, in whole or in part, because Defendant did not discriminate against Plaintiff, nor did Defendant deny Plaintiff access or a full and equal opportunity to enjoy the products or services offered at Defendant's website.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

83. Plaintiff's claims are barred, in whole or in part, to the extent that she is not, upon information and belief, a qualified individual with a disability.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

84. Existing alternatives provide substantially equivalent or greater access to Defendant's website, and the website is accessible to the maximum extent feasible.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred, in whole or in part, for her failure to allege any intent to return to Defendant's website or to use Defendant's goods or services.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

86. Defendant is not subject to personal jurisdiction in New York.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

87. Venue in the U.S. District Court for the Southern District of New York is improper.

**WHEREFORE**, Defendant prays for entry of judgment in its favor (1) against Plaintiff, dismissing the Complaint in its entirety with prejudice, and (2) awarding Defendant reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, together with such other and further relief as this Court deems just and proper.

**DATED:** May 10, 2023

**BARCLAY DAMON LLP**

By: */s/ Ross M. Greenky*
Robert J. Thorpe, Esq.
Ross M. Greenky, Esq.

Attorneys for Defendant
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications to all counsel of record who have appeared in this action.

               */s/ Ross M. Greenky*_____
               Ross M. Greenky