UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANESSA JIMENEZ, Individually, and on: Behalf of All Others Similarly Situated, Plaintiff, -v- SENIOR EXCHANGE, INC., Defendant. | Case No. 1:23-cv-323-ALC/JEW |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND SANCTIONS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................1

RELEVANT PROCEDURAL BACKGROUND ....................................................................1

ARGUMENT ..........................................................................................................2

I. Defendant is Not Entitled to a Fee Award Against Plaintiff Under the ADA ....................2

A. Legal Standard for Awarding Fees to a Prevailing Party Under the ADA .............2

B. Defendant Should Not be Deemed the Prevailing Party in this Action ..................3

C. Defendant Failed to Establish that Plaintiff's Claims were Frivolous ....................4

D. Plaintiff's Other, Unrelated ADA Cases Are Irrelevant to this Motion .................7

II. Defendant is Not Entitled to Sanctions Against Plaintiff's Counsel ..................................7

A. Legal Standards For Imposing Sanctions Against an Attorney ..............................7

B. Defendant's Motion Fails to Meet the Strict Legal Standards For Imposing Sanctions Against an Attorney ...................................................................9

III. The Fees Sought By Defendant's Counsel Are Excessive ...............................................10

CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Browning Debenture Holders' Comm. v. DASA Corp.*,
560 F.2d 1078 (2d Cir. 1977)....................8

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*,
532 U.S. 598 (2001)....................2, 3

*Calcano v. Swarovski N. Am. Ltd.*,
36 F.4th 68 (2d Cir. 2022)....................4

*Carter v. Inc. Vill. of Ocean Beach*,
759 F.3d 159 (2d Cir. 2014)....................3

*Cruz v. Jomashop*,
21 Civ. 10026....................5

*Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*,
782 F.2d 329 (2d Cir. 1986)....................8, 9

*Guglielmo v. Nebraska Furniture Mart, Inc.*,
No. 1:19-cv-11197 (KPF), 2021 WL 4124660 (S.D.N.Y. Sept. 9, 2021)....................2, 3

*Keller v. Mobil Corp.*,
55 F.3d 94 (2d Cir. 1995)....................8

*LeBlanc-Sternberg v. Fletcher*,
143 F.3d 765 (2d Cir. 1998)....................3

*Loadholt v. ShirtSpace*,
No. 22 Civ. 02870 (ALC), 2023 WL 2368972 (S.D.N.Y. Mar. 6, 2023)....................4

*Milltex Indus. Corp. v. Jacquard Lace Co.*,
55 F.3d 34 (2d Cir. 1995)....................8

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*,
955 F.3d 990 (Fed. Cir. 2020)....................4

*Rock v. Enfants Riches Deprimes, LLC.*,
No. 1:17-cv-02618 (ALC), 2020 WL 2793026 (S.D.N.Y. May 29, 2020)....................3

*Rock v. Enfants Riches Deprimes, LLC*,
No. 1:17-cv-02618 (ALC), 2020 WL 468904 (S.D.N.Y. Jan. 29, 2020)....................7

*Sakon v. Andreo*,
119 F.3d 109 (2d Cir. 1997)..........8

*Slade v. Life Spectacular, Inc.*,
No. 22-CV-0037 (ALC), 2022 WL 17542029 (S.D.N.Y. Dec. 5, 2022)..........4, 5

*U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*,
948 F.2d 1338 (2d Cir. 1991)..........8, 9

*Winegard v. Golftec Intell. Prop. LLC*,
No. 23-CV-1244 (BMC), 2023 WL 3672540 (E.D.N.Y. May 26, 2023)..........7

*Zinnamon v. Satya Jewelry II, LLC*,
No. 23-CV-781 (VEC), 2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023)..........9, 10

**Statutes**

28 U.S.C. §1927..........1, 7, 8

42 U.S.C. §12205..........1

**Other Authorities**

Fed. R. Civ. P. 54(d)(2)..........1

Rules of Professional Conduct 1.5(a)..........10

Plaintiff Vanessa Jimenez ("Ms. Jimenez" or "Plaintiff"), through her counsel Mizrahi Kroub LLP ("Mizrahi Kroub" or "Plaintiff's Counsel"), and Mizrahi Kroub, through its counsel, Frankfurt Kurnit Klein & Selz, P.C., jointly submit this memorandum of law in opposition to the motion by Defendant Senior Exchange, Inc. ("Defendant") for attorneys' fees and sanctions (the "Motion") in the above-captioned action (the "Action"). The Motion should be denied for the reasons discussed below.

**PRELIMINARY STATEMENT**

Defendant seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 12205, as well as sanctions against Plaintiff's counsel, Mizrahi Kroub, pursuant to 28 U.S.C. 1927 and the Court's inherent power. Defendant's Motion focuses primarily on other, unrelated cases filed by the Plaintiff. Yet, those cases are irrelevant to the central questions before the Court on this Motion: (1) whether Defendant should be deemed a "prevailing party" in this Action and (2) whether Ms. Jimenez's claims in this Action were so utterly frivolous that she and her attorneys should be sanctioned. As demonstrated below, the answer to both of these questions is a resounding "no." Accordingly, Defendant's Motion should be denied.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff filed her complaint on January 13, 2023, alleging that Defendant's website was not accessible to her and other visually impaired people and thus violated the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL"). Dkt. No. 1. On May 10, 2023, Defendant filed an answer to the complaint. Dkt. No. 2. On August 24, 2023 Plaintiff filed an amended complaint, which Defendant answered on September 11, 2023. Dkt. Nos. 27, 28. During the course of the litigation, Plaintiff relocated from New York to Georgia, which created logistical barriers to her ongoing participation in the Action. As a

consequence, the parties stipulated to voluntarily dismiss the complaint, with Defendant reserving the right to seek fees and costs. This Motion followed.

## ARGUMENT

### I. Defendant is Not Entitled to a Fee Award Against Plaintiff Under the ADA

#### A. Legal Standard for Awarding Fees to a Prevailing Party Under the ADA

Defendant's Motion falls well short of the high bar required for an ADA Defendant to receive an award of fees. In *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 1:19-cv-11197 (KPF), 2021 WL 4124660 (S.D.N.Y. Sept. 9, 2021), the Court ruled that a court ***may*** award fees to an ADA defendant ***only*** if two criteria are met. *First*, the Court must determine that the party seeking fees has "prevailed in the litigation." *Guglielmo,* 2021 WL 4124660 at *2. This means that the party "must achieve a material, judicially-sanctioned alteration of the legal relationship that favors it" and that this alteration "must be marked by '***judicial imprimatur***.'" *Id.* (citations omitted) (emphasis added). As explained in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 600 (2001), a "prevailing party" is one who "secure[s] a judgment on the merits or a court-ordered consent decree."

*Second*, the Court must determine that "the plaintiff's 'claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" *Guglielmo*, 2021 WL 4124660, at *2 (citations omitted). In reaching this determination, courts "should not engage in post hoc reasoning . . . because the prospects for a plaintiff's success are difficult to assess at the outset of a suit." *Id.* at *3 (citations omitted). Thus, "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* (citations omitted). Even if a defendant is able to meet both of these required elements, the Court retains full discretion to deny the fee request. *Id.* Although "fees are routinely awarded to a prevailing plaintiff," attorneys' fees "are not so readily available

to a prevailing defendant" so as to avoid chilling the initiation and prosecution of meritorious civil rights actions." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 769-70 (2d Cir. 1998). Defendant's Motion fails to meet the ADA's exacting standards for a fee award, as articulated in *Guglielmo*. *See* 2021 WL 4124660 *2.

**B. Defendant Should Not be Deemed the Prevailing Party in this Action**

Defendant asserts that it "is undoubtedly the prevailing party" in this Action, because Plaintiff voluntarily dismissed her claims. Def. Mem. at 14. However, the primary case cited by Defendants in support of this position is factually distinguishable in many respects. *See id.* at 10-12 (citing *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159 (2d Cir. 2014)). *Carter* did not involve merely the voluntary dismissal of the plaintiffs' claims, as here. Rather, the Court in *Carter* adjudicated and dismissed the majority of the plaintiffs' claims. The Court then ruled that the defendant was the prevailing party on all of the plaintiffs' claims (including the adjudicated and the voluntarily dismissed claims) because those claims inextricably intertwined. *See id.* at 166. As the Court explained: "the victory for the County Defendants was total. *The merits of this case were adjudicated by the district court, this Court summarily affirmed, and no petition for certiorari was filed. All the claims arose from the same transaction or occurrence*." *Id.* (Emphasis added).

Here, the situation is vastly different than in *Carter*. Unlike in *Carter*, Defendant here never sought to dismiss Plaintiffs' claims and never obtained a ruling on the merits regarding any of those claims. Defendant could have moved to dismiss the complaint or the amended complaint, but chose instead to answer both pleadings, and those chose to stipulate to a voluntary dismissal of the claims. Accordingly, Plaintiff's voluntary dismissal here – as contrasted with the dismissals in *Carter* – is not "marked by '***judicial imprimatur***'" as required under *Buckhannon,* 532 U.S. at 600. *See also Rock v. Enfants Riches Deprimes, LLC.*, No. 1:17-cv-

02618 (ALC), 2020 WL 2793026, at *3 (S.D.N.Y. May 29, 2020) ("voluntary dismissal lacks the judicial imprimatur necessary to confer the status of a prevailing party"); *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020) (voluntary dismissal lacks judicial imprimatur).

**C. Defendant Failed to Establish that Plaintiff's Claims were Frivolous**

The ADA and NYCHRL claims asserted by Plaintiff in this action were not frivolous. Plaintiff is a blind woman who visited Defendant's website, including most recently in January 2023, to purchase the SMPL One-Touch Music & Radio Center for her mother. *See* Declaration of Vanessa Jimenez, sworn to February 29, 2024 ("Jimenez Decl.") ¶ 3. She met website accessibility barriers that prevented her from completing the purchase. *Id.*; *see also* Amd. Compl. at Dkt. No. 27. Plaintiff was discriminated against based on her disability, and filed this Action with the goal of having Defendant remediate its website.

This Court has sustained similar ADA website accessibility actions – and denied motions to dismiss – finding that a website is a place of public accommodation under the ADA. *See Slade v. Life Spectacular, Inc.*, No. 22-CV-0037 (ALC), 2022 WL 17542029, *3 (S.D.N.Y. Dec. 5, 2022) ("I join the vast majority of district courts within this circuit in holding that the ADA's protections extend to commercial websites."); *see also Loadholt v. ShirtSpace*, No. 22 Civ. 02870 (ALC), 2023 WL 2368972, at *4 (S.D.N.Y. Mar. 6, 2023).

Further, this Court has held (even after *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022)) that a plaintiff filing an ADA website accessibility action has standing to pursue those claims. *See, e.g., Slade,* 2022 WL 17542029, at *3. In *Slade*, this Court set out the standard for a standing analysis, and found that the plaintiff met her burden where she alleged that: (i) she was "unable to navigate Defendant's website and describes in detail; the accessibility barriers…"; (ii) "Defendant has not remedied the accessibility issues on the website"; and (iii)

plaintiff had "a strong desire to purchase the . . . products offered by Defendant . . . ." *Id.* As in *Slade*, Plaintiff here has met all of those pleading requirements. It is significant that while Defendant professes to have filed motions to dismiss in at least two other ADA cases, it chose not to file a motion to dismiss in ***this*** action. *See* Def. Mem. at 4. Defendant likely understood that Plaintiff's claims were sufficient to withstand a motion to dismiss, particularly in light of this Court's prior rulings.

Additionally, the fact that Defendant claims to have retained a third-party vendor to assist it with website accessibility does not render Plaintiff's claims frivolous. During the litigation, Plaintiff's counsel shared reports with Defendant's counsel demonstrating that the subject website still contained accessibility issues. *See* Declaration of Edward Y. Kroub, sworn to February 29, 2024 ¶ 2. Plaintiff's counsel also sent Defendant's counsel a copy of Judge Abrams' decision in *Cruz v. Jomashop*, 21 Civ. 10026, which denied the defendant's mootness argument and held that competing affidavits regarding a website's ADA compliance should be tested through discovery. *See id.* ¶ 3 & Ex. A. The *Jomashop* decision demonstrates that a claim can proceed to discovery even where a defendant believes it has sufficiently remediated its website. *See id.* Defendant's counsel never addressed the *Jomashop* decision during subsequent communications between counsel, and a few days later Defendant filed its Answer. *See id.*

Defendant speculates that Plaintiff did not intend to pursue her claims, based on the fact that she decided to voluntarily dismiss the Action in November 2023. *See* Def. Mem. at 15-17. Defendant also expresses skepticism about Plaintiff's explanation for dismissing the case: namely, that she relocated to Georgia and could no longer participate in the active litigation. *See id.* at 17-18. According to Defendant, Plaintiff's explanation is not credible because she did not dismiss other ADA website accessibility lawsuits that she had filed at the same time. *See id.*

Plaintiff's Declaration refutes Defendant's arguments. Plaintiff states:

> 4. When I filed this lawsuit in January 2023, I lived in the Bronx, New York. My husband moved to Georgia a few months earlier, in November 2022, because he had a job opportunity with his cousin's business. Before moving to Georgia, my husband worked as an Uber Eats driver in New York.
>
> 5. After my husband moved to Georgia, we both traveled back and forth by car to spend time with each other.
>
> 6. In mid-September 2023, I moved to Georgia so that I could live with my husband full time. I realized that it would be too difficult for me to travel to New York to sit for a deposition and do other things that would be needed for the case, so I asked my attorneys to dismiss the case. If I had not moved to Georgia, I would not have dismissed this case when I did. I took the case seriously and intended to see it through.
>
> 7. In mid-December, my husband lost his job, so we moved back to the Bronx, where my husband returned to his work as an Uber Eats driver.
>
> 8. If we had stayed in Georgia, I probably would have dismissed the other cases I filed in New York, for the same reasons. But since we moved back to New York, I did not have to make that difficult decision.
>
> 9. My husband and I do not have a lot of money, especially with my husband losing his job in Georgia and with the costs of moving to Georgia and back. I cannot afford to pay the Defendant $25,000.

Jimenez Decl. ¶¶ 4-9. As Plaintiff's declaration makes clear, she intended to pursue this Action until her personal circumstances created logistical barriers to her participation. Unfortunately,

because her husband subsequently lost his job, she moved back to New York, which meant that her other cases did not end up being dismissed.

### D. Plaintiff's Other, Unrelated ADA Cases Are Irrelevant to this Motion

Defendant's Motion relies heavily on Plaintiff's other lawsuits, which are unrelated to this Action. Specifically, Defendant points to 78 ADA website cases filed by Plaintiff, which were either settled, dismissed, or are still active. *See* Def. Mem. at 3-4. Defendant's theory is that, because Plaintiff settled or dismissed some ***other*** unrelated ADA website cases at an early stage, Plaintiff's claims in ***this*** Action must be frivolous. Notably, Defendant fails to cite a single ADA website accessibility case that awarded fees to the defendant, based on the plaintiff's decisions regarding settlement in *other* ADA cases. The case that Defendant primarily relies on is *Winegard v. Golftec Intell. Prop. LLC*, No. 23-CV-1244 (BMC), 2023 WL 3672540 (E.D.N.Y. May 26, 2023). But *Winegard* did not involve a motion for attorneys' fees or sanctions. There, the Court merely dismissed the ADA claims based on standing. Here, by contrast, Defendant never moved to dismiss Plaintiff's claims. *Winegard* cannot be read to authorize an award of attorneys' fees based on allegations that the Plaintiff has filed other ADA cases.

## II. Defendant is Not Entitled to Sanctions Against Plaintiff's Counsel

### A. Legal Standards For Imposing Sanctions Against an Attorney

Defendant seeks an award of attorneys' fees and costs against Plaintiff's counsel as a "sanction" under 28 U.S.C. §1927 ("Section 1927") and the Court's inherent power. Defendant contends that Section 1927 sanctions are warranted where an attorney "so multiples the proceedings *in any case* unreasonably." Def. Mem. at 12 (citing *Rock v. Enfants Riches Deprimes, LLC*, No. 1:17-cv-02618 (ALC), 2020 WL 468904, at *3 (S.D.N.Y. Jan. 29, 2020) (emphasis added)). As Defendant concedes, a sanctions award under Section 1927 is appropriate only when the Court makes factual findings "with a high degree of specificity" that the attorney

has engaged in "conduct constituting or akin to bad faith." *Id.* (citations omitted). To justify sanctions under Section 1927, the attorney's actions must be "so completely without merit as to *require the conclusion* that they must have been undertaken for some *improper purpose* such as delay." *Keller v. Mobil Corp.,* 55 F.3d 94, 99 (2d Cir.1995) (emphasis added) (vacating Section 1927 sanctions award against attorney). The purpose of Section 1927 sanctions is "to avoid dilatory tactics" and "deter unnecessary delays in litigation." *U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (vacating sanctions order against attorneys).

Defendant also concedes that a Court may issue sanctions pursuant to its inherent power ***only*** if it finds that the "party advanced a colorless claim and did so for improper reasons." Def. Mem. at 13. "Whether a claim is colorable . . . is a matter of 'whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually *had been established*.'" *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (citation omitted) (emphasis in original). Furthermore, whether an attorney has acted improperly or committed "[b]ad faith is personal." *Id.* (citing *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1089 (2d Cir. 1977)). For that reason, there "must be clear evidence of bad faith *by a particular party* before attorneys' fees may be assessed *against him*." *Id.* (emphasis added).

Furthermore, a sanctions award based on inherent power will be upheld "*only when serious misconduct clearly appears on the record*." *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 41 (2d Cir. 1995) (emphasis added) (holding that district court abused its discretion in issuing sanctions under inherent powers); *see also Sakon v. Andreo*, 119 F.3d 109, 115 (2d Cir. 1997) (reversing sanctions order where attorneys' failure to meet deadline was the

result of neglect rather than bad faith). Due to the "very potency" of the Court's "inherent power, it should be exercised 'with restraint and discretion.'" *Teamsters*, 948 F.2d at 1345. Even where these high standards of proof are met, the decision whether to impose sanctions is left to the Court's discretion. *See id.*

**B. Defendant's Motion Fails to Meet the Strict Legal Standards For Imposing Sanctions Against an Attorney**

Defendant's request for sanctions, again, relies largely on allegations about ***other*** ADA cases, as opposed to Mizrahi Kroub's conduct in ***this*** Action. *See* Def. Mem. at 16-18. This is insufficient to warrant sanctions. *See Dow Chem.*, 782 F.2d at 344-45 (alleged misconduct in other lawsuits "should not be the basis for an award of fees in the instant litigation; such violations are best dealt with in the actions in which they have occurred"). Additionally, Defendant's primary criticism of Mizrahi Kroub in this Action is that the firm did not capitulate to Defendant's demands to dismiss the complaint. *See* Def. Mem. at 15. This is insufficient to meet the high bar necessary to obtain sanctions under Section 1928 or the Court's inherent power. For the reasons discussed above, Mizrahi Kroub had every reason to believe that Plaintiff's claims were reasonable and sustainable. *See supra* at Part I.C. Thus, Defendant has failed to present sufficient evidence that Plaintiff's claims in this case were "without colorable basis" or that the proceedings were conducted in "bad faith."

The only case cited by Defendant where sanctions were ordered against an attorney in a website accessibility case is *Zinnamon v. Satya Jewelry II, LLC*, No. 23-CV-781 (VEC), 2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023). That case is distinguishable for multiple reasons. First, the attorney in *Zinnamon* had previously been sanctioned by the Court. That has not happened here. Second, the sanction in *Zinnamon* was ordered in connection with an Order to Show Cause issued by the Court, requiring the lawyer to show cause why the case should not be dismissed for

lack of standing. Here, there was no such Order to Show Cause issued by the Court and no judicial finding that the claims were frivolous that would support a sanctions award. Third, the attorney in *Zinnamon* had previously been the subject of at least four similar Orders to Show Cause. Fourth, even with all of these distinguishing facts, the Court ordered only a $1000.00 sanction, which was suspended for two years and would be abrogated if the lawyer did not repeat the conduct. That result is starkly different from the $20,705.50 in sanctions that Defendant requests in this case.

**III. The Fees Sought By Defendant's Counsel Are Excessive**

Defendant's Motion should be denied for the reasons discussed above. Should the Court be inclined to grant the Motion, however, it should substantially reduce Defendant's fee request of $20,705.50 on the grounds that it is excessive. *See* RPC 1.5(a) ("A lawyer shall not . . . charge, or collect an excessive . . . fee or expenses."). Given the limited work involved in this short-lived litigation, $20,705.50 (reflecting approximately 63 hours of time) is an excessive legal fee and should be substantially reduced.

## CONCLUSION

For the reasons set forth above, Plaintiff and Plaintiff's Counsel respectfully request that the Court deny Plaintiff's request for attorneys' fees and costs and for sanctions.

Dated: New York, New York
February 29, 2024

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: */s/Nicole Hyland*
Nicole Hyland

28 Liberty Street, 35th Floor
New York, NY 10005
Tel.: (212) 980-0120
Fax: (347) 438-2152
nhyland@fkks.com

*Professional Responsibility Counsel for Mizrahi Kroub*

Joseph H. Mizrahi
Edward Y. Kroub
Mizrahi Kroub LLP
225 Broadway, 39th Floor
New York, NY 10007
Tel: (212) 595-6200
Fax: (212) 595-9700
jmizrahi@mizrahikroub.com
ekroub@mizhrahikroub.com

*Attorneys for Plaintiff*