**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
VANESSA JIMENEZ, *individually and on*
*behalf of all others similarly situated,*

                              Plaintiff,              **ORDER**

-against-                                   23-cv-323 (ALC) (JW)

SENIOR EXCHANGE, INC.,

                              Defendant.

---------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      Plaintiff Vanessa Jimenez ("Plaintiff"), a visually impaired and legally blind person, brought this lawsuit on behalf of herself and others similarly situated against defendant Senior Exchange Inc. ("Defendant"), for allegedly violating Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, and New York City Human Rights Law ("NYCHRL") by failing to provide a website accessible to visually impaired users. Dkt. No. 1 ¶¶ 1-8. Defendant is an e-commerce business that sells mobility products and other aids for senior citizens. Id. ¶¶ 1-2. This case was voluntarily dismissed with prejudice on December 11, 2023. Dkt. No. 36. Before this Court is Defendant's Motion for Sanctions and reasonable attorneys' fees and costs.

      For the following reasons, Defendant's Motion for Attorneys' Fees is DENIED. However, Plaintiff's counsel is hereby ordered to pay a $500 civil monetary penalty to the Clerk of the Court.

## BACKGROUND

Plaintiff Vanessa Jimenez, a legally blind and visually impaired person who resides in the Bronx, New York, filed this lawsuit on January 13, 2023, alleging that Defendant failed to provide an accessible website in violation of the ADA and NYCHRL. Dkt. No. 1; Dkt. No. 27 ¶¶ 1-8, 14. Defendant Senior Exchange Inc. is a California e-commerce company that sells accessibility equipment on its website Senior.com (the "Website"). Id. ¶¶ 1, 15. Plaintiff subsequently filed an amended complaint on August 24, 2023, id., which Defendant answered on September 11th. Dkt. No. 28.

Plaintiff alleged that she made "numerous" visits to the Website, most recently on August 15, 2023, to purchase a music player but could not complete her purchase because she encountered accessibility barriers. Dkt. No. 27 ¶¶ 30-33. In response to these allegations, Defendant argued that "Plaintiff was not a bona fide patron of Defendant's website[,]" and Plaintiff had not been denied access to Defendant's Website. Dkt. No. 28 ¶¶ 80-81. Defendant further contended that "Plaintiff and her attorney commenced this action for the sole purpose of asserting a claim for attorneys' fees." Id. ¶ 70.

In Defendant's instant motion, Defendant states that it sent a letter to Plaintiff's counsel on March 16, 2023 explaining that "(1) [Defendant] partnered with UserWay, a third-party website accessibility vendor, in April 2022 (well before the

2

lawsuit was filed) to ensure the Website was accessible to visually-impaired users; and (2) IP address data maintained by [Defendant] indicated that Plaintiff did not visit the website on the dates alleged in the Complaint." Dkt. No. 38-2 ¶ 12, see also Dkt. No. 38-5 ¶¶ 4, 6.

Defendant's counsel further attests that on October 5, 2023, he "made it clear to Plaintiff's counsel that [Defendant] was not interested in settlement discussions" and intended to "vigorously defend this case." Dkt. No. 38-2 ¶ 26. "The very next day, October 6, 2023, Plaintiff's counsel requested that [Defendant] stipulate to dismiss the action with prejudice and without costs, claiming…that Plaintiff had moved to Georgia and was not interested in the 'logistical challenges' posed by this litigation." Id. ¶ 26.

Shortly thereafter, Plaintiff requested a Pre-Motion Conference in front of District Judge Andrew L. Carter to discuss Plaintiff's intent to move for voluntary dismissal with prejudice under Fed. R. Civ. P. Rule 41(a)(2). Dkt. No. 29. In that letter, Plaintiff noted that Defendant had refused to stipulate to dismissal. Id. In response, Defendant stated its "inten[t] to file a post-dismissal motion for reasonable attorneys' fees and costs" as well as "sanctions against Plaintiff's counsel." Dkt. No. 30. Judge Carter granted Plaintiff leave to file a motion to dismiss, Dkt. No. 31, but no motion to dismiss was ever filed.

Instead, the Parties filed a proposed stipulation and order of voluntary dismissal on November 22, 2023. Dkt. No. 34. In that order, which was entered by Judge Carter on December 11th, Defendant "reserve[d] the right to file a post-dismissal motion for reasonable attorneys' fees and costs" as well as "sanctions against Plaintiff's counsel". Dkt. No. 36.

On December 29, 2023, Defendant filed the instant Motion for Attorneys' Fees and Sanctions, Dkt. No. 38, and that Motion was referred to this Court shortly thereafter. Dkt. No. 40.

Defendant's Motion asserts that Plaintiff is a "serial 'tester' litigant" who lacked standing to bring the instant action and commenced the action in bad faith. Dkt. No. 38-1. Defendant asks the Court to consider fee shifting under 42 U.S.C. § 12205, and sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power.

## LEGAL STANDARD

### A. Standing Under the ADA

Under the ADA, a plaintiff has standing to bring a claim if: "(1) it is reasonable to infer that the discriminatory treatment will continue; (2) it is reasonable to infer that the plaintiff intends to return to the public accommodation; and (3) he alleges past injury under the ADA." Weekes v. Outdoor Gear Exch., Inc., No. 22-CV-1283 (ER), 2023 WL 2368989, at *3 (S.D.N.Y. Mar. 6, 2023) (citing Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022). With respect to website cases, a plaintiff

can establish standing by pleading facts sufficient to support a reasonable inference that (1) the discriminatory treatment will continue because accessibility issues will still be a barrier when plaintiff visits the website again,  id.; (2) "[plaintiff] intended to return to the website[ ]" Quezada v. U.S. Wings, Inc., No. 20-CV-10707 (ER), 2021 WL 5827437, at *3 (S.D.N.Y. Dec. 7, 2021)(cleaned up); and (3) plaintiff suffered an injury because of accessibility barriers on the website. Sanchez v. NutCo, Inc., No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022).

"In ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." Rosa v. 600 Broadway Partners, LLC, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016)(internal citations and quotation marks omitted); see also Sanchez v. NutCo, Inc., No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022).

## B. Fee Shifting Under the ADA

"The ADA provides that a district court 'in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs.'" Parker v. Sony Pictures Ent., Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting 42 U.S.C. § 12205). The Second Circuit applies the same standard as under Title VII when assessing whether to award attorneys' fees under the ADA. Id. Pursuant to these fee shifting statutes, courts may in some cases award attorneys' fees to a successful defendant in a civil rights case. See CRST Van Expedited, Inc. v. E.E.O.C.,

578 U.S. 419, 422 (2016); <u>Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n</u>, 434 U.S. 412, 420-22 (1978).

Courts in the Second Circuit typically apply a two-step process when determining whether a defendant is entitled to recover reasonable attorneys' fees in an ADA case. <u>See</u> <u>Guglielmo v. Nebraska Furniture Mart, Inc.</u>, No. 19-CV-11197 (KPF), 2021 WL 4124660, at *2 (S.D.N.Y. Sept. 9, 2021). First, the Court must determine whether the defendant was the prevailing party in the action. <u>CRST Van Expedited</u>, 578 U.S. at 422. Second, "prevailing defendants must show that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" <u>Gilani v. Teneo, Inc.</u>, No. 20-CV-1785 (CS), 2022 WL 4593040, at *2 (S.D.N.Y. Sept. 30, 2022) (quoting <u>Christiansburg Garment Co.</u>, 434 U.S. at 417).

## 1. Prevailing Party

"[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" <u>CRST Van Expedited</u>, 578 U.S. at 431. Because "[t]he defendant has… fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision[,] [t]he defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." <u>Id.</u> As the Second Circuit has recognized, "[a] voluntary dismissal of an action with prejudice works such alteration, because it constitutes 'an

6

adjudication on the merits for purposes of res judicata[.]'" <u>Carter v. Inc. Vill. of Ocean Beach</u>, 759 F.3d 159, 165 (2d Cir. 2014) (quoting <u>Chase Manhattan Bank, N.A. v. Celotex Corp.</u>, 56 F.3d 343, 345 (2d Cir.1995)); <u>see also</u> <u>Guglielmo</u>, 2021 WL 4124660, at *4 ("the fact that the dismissal was not based on the merits is no obstacle to finding that Defendant is the prevailing party.").

### 2. Frivolous Claim

"[T]he determination as to whether the claims were frivolous, unreasonable, or groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law." <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 765, 770 (2d Cir. 1998). This standard may be met "even where an action was not brought in subjective bad faith[,]" but "courts should not engage in post hoc reasoning in determining whether a suit was frivolous[.]" <u>Guglielmo</u>, 2021 WL 4124660, at *2-3 (quoting <u>E.E.O.C. v. J.B. Hunt Transp., Inc.</u>, 75 F. App'x 853, 854 (2d Cir. 2003) (summary order) and <u>Access 4 All, Inc. v. Ulster Heights Props., Inc.</u>, No. 07-CV-2923 (LBS), 2009 WL 256008, at *2 (S.D.N.Y. Feb. 2, 2009))(internal quotation marks omitted). The Second Circuit has noted that "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445 F.3d 161, 178 (2d Cir. 2006).

**C. Sanctions and the Court's Inherent Power**

"Under 28 U.S.C. § 1927, a court may impose sanctions against an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously.' 28 U.S.C. § 1927…Courts also have the 'inherent power' to sanction 'the offending party and their attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Keung v. Patisseries Saines Corp., No. 22-CV-3725 (JPC), 2023 WL 4487728, at *5 (S.D.N.Y. July 12, 2023) (quoting Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997) (internal quotation marks omitted).

"To succeed on a motion for sanctions under either § 1927 or the Court's inherent powers, the movant must demonstrate "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Rock v. Enfants Riches Deprimes, LLC, No. 17-CV-2618 (ALC), 2020 WL 468904, at *2 (S.D.N.Y. Jan. 29, 2020)(quoting Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000)). "'A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings.'" Keung v. Patisseries Saines Corp., 2023 WL 4487728, at *5 (quoting Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009)).

**DISCUSSION**

8

Defendant seeks an award of reasonable attorneys' fees and costs as well as sanctions against Plaintiff's counsel for bringing an allegedly meritless ADA lawsuit against Defendant. Dkt. No. 38 at 7. This Court also has the inherent power to sanction *sua sponte* pursuant to Fed. R. Civ. P. 11. Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008). This Court will address the Plaintiff's standing, Defendant's request for fee shifting, and the propriety of sanctions in turn.

## A.  Plaintiff's Standing Under the ADA

Defendant alleges that Plaintiff lacked standing under the ADA because (i) Plaintiff is a "serial 'tester' litigant," Dkt. No. 38-1; (ii) the "complaint and the amended complaint were at all times subject to dismissal based on lack of subject matter jurisdiction (mootness and standing), lack of personal jurisdiction, and failure to state a claim upon which relief can be granted," Dkt. No. 38-2 ¶ 8; and (iii) the allegations supporting standing in the complaint and amended complaint were brought in bad faith.  Dkt. No. 38 at 15.

In its motion, Defendant notes that Plaintiff and her counsel have a reputation as serial litigants who regularly file ADA cases and settle or dismiss them prior to discovery. Dkt. No. 38 at 24-25.[1] Plaintiff retorts that "Plaintiff's other lawsuits...are

---

[1] This Court takes judicial notice of the sixty-seven cases that Plaintiff filed in this District between May 2022 and July 2023. "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"

unrelated to this Action[,]" and courts have not "authorize[d] an award of attorneys' fees based on allegations that the Plaintiff has filed [and settled] other ADA cases." Dkt. No. 46 at 11. Thus, this Court finds it necessary to briefly address the status of cases brought by so-called "testers"[2] under the ADA.

As the Second Circuit has noted, "[t]he law is clear that testers can have standing," so long as they have suffered an injury. Harty v. W. Point Realty, Inc., 28 F.4th 435, 444 n.3 (2d Cir. 2022). Thus, "the fact that the Plaintiff in this case may be an ADA tester is not dispositive." Davis v. Wild Friends Foods, Inc., No. 22-CV-04244 (LJL), 2023 WL 4364465, at *4 (S.D.N.Y. July 5, 2023). In Davis, the Court noted, "[t]he fact that Plaintiff has filed nearly fifty complaints may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet." Id. Similarly here, Plaintiff may well have filed many cases in this District because she has experienced genuine accessibility barriers when attempting to access other websites. This Court declines to weigh in on how Plaintiff

---

Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir.1991).

[2] Courts in this Circuit have defined "testers" as "an individual who seeks out and sues businesses for alleged violations of the ADA". Feltzin v. Stone Equities, LLC, No. 16-CV-6457(SJF)(AKT), 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, No. 16-CV-6457(SJF)(AKT), 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018).

has chosen to litigate those other cases, except to the extent that the timing of those actions shed light on the instant action.

Next, Defendant contends that post-dismissal relief is warranted here because Plaintiff's complaint and amended complaint were "at all times" subject to dismissal based on lack of standing. Dkt. No. 38-2 ¶ 31.

While the Second Circuit has noted that "threadbare assertions" which "do not raise a reasonable inference of injury" are insufficient to establish standing, <u>Calcano v. Swarovski N. Am. Ltd.</u>, 36 F.4th 68, 76 (2d Cir. 2022), the Court has found that "more detailed" complaints which specified dates that plaintiff visited a website and named a product that plaintiff sought to buy to be "sufficient…to establish standing at this stage." <u>Tavarez v. Moo Organic Chocolates</u>, LLC, 641 F. Supp. 3d 76, 83 (S.D.N.Y. 2022); <u>see also</u> <u>Walters v. Fischer Skis U.S., LLC</u>, No. 6:21-CV-1115(LEK)(ATB), 2022 WL 3226352, at *4-5 (N.D.N.Y. Aug. 10, 2022). Here, the allegations in Plaintiff's amended complaint suggest that Plaintiff "made numerous attempts to browse and complete a purchase on the Website, including on June 13, 2022, January 4, 2023 and August 15, 2023[,]" and still intends to visit Defendant's website in the future to purchase a music player. Dkt. No. 27 ¶ 32. Because Plaintiff pled that she "intended to return to the website[,]" Plaintiff's amended complaint met the lower burden to establish standing in an ADA website access case. <u>Quezada v.</u>

U.S. Wings, Inc., No. 20-CV-10707 (ER), 2021 WL 5827437, at *3 (S.D.N.Y. Dec. 7, 2021).

Defendant also argues that Plaintiff and her counsel alleged standing in bad faith. Defendant states that Plaintiff's counsel visited the Website in December 2022, weeks before the date Plaintiff allegedly visited the website in the original complaint, which "suggests…that [Plaintiff's counsel] intended to pursue litigation…before [Plaintiff] was even purportedly harmed". Dkt. No. 38-1 at 13. This Court notes that this allegation, if true, might call Plaintiff's standing into question based on lack of concrete injury. In similar ADA cases where "there are significant reasons to question [p]laintiff's standing," courts in this district have "permit[ed] limited jurisdictional discovery". Maddy v. Life Time, Inc., No. 22-CV-5007 (LJL), 2023 WL 4364488, at *7-9 (S.D.N.Y. July 5, 2023); see also Tavarez v. Moo Organic Chocolates, LLC, 641 F. Supp. 3d at 83.

In the instant action, Defendant never requested such discovery and never moved to dismiss this action for lack of subject matter jurisdiction. While this Court may be sympathetic to the complaints of Defendant, the claim of bad faith in bringing this action lacks the necessary evidentiary support given the lack of depositions and discovery. As discussed in infra Part B, based on the record before this Court it is difficult to say conclusively whether Plaintiff or Plaintiff's counsel initiated the lawsuit in bad faith.  Without more detailed factual support regarding Defendant's

12

claim, this Court cannot determine that the suit was frivolous at its inception.  Thus, the Court finds it inappropriate to "engage in *post hoc* reasoning" on this issue. Guglielmo, 2021 WL 4124660, at *3 (quoting Access 4 All, 2009 WL 256008, at *2).

## B. Fee Shifting and Defendant's Request for Attorneys' Fees

Defendant contends that it is entitled to recover attorneys' fees and costs under the ADA because Defendant prevailed when Plaintiff voluntarily dismissed this action with prejudice and Plaintiff filed this lawsuit "not [ ] to litigate the merits of any purported 'access barriers' to websites, but rather to extract quick settlements based on the cost to defend litigation." Dkt. No. 38 at 22. Defendant states that this action was meritless when filed because Defendant's Website was accessible to visually-impaired users when Plaintiff claims to have accessed it. Id. Defendant further contends that "not a single visitor to the Website accessed the webpage for the music player" Plaintiff claims to have shopped for on the dates Plaintiff alleges she visited the website. Dkt. No. 49 at 4, n.3. Defendant also argues that the resource Plaintiff used to scan the Website for accessibility compliance cannot be relied upon. Id. at 6.

Plaintiff responds that Defendant should not be deemed the prevailing party in this action because "Defendant here never sought to dismiss Plaintiffs' claims and never obtained a ruling on the merits regarding any of those claims." Dkt. No. 46 at 7. Plaintiff further contends that this suit was not frivolous because Plaintiff "met

13

website accessibility barriers that prevented her from completing [her] purchase" on the Website and "filed this Action with the goal of having Defendant remediate its [W]ebsite." Id. at 8.

First, this Court agrees with Defendant that Defendant was the prevailing party in this case. The fact that Defendant never obtained "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." CRST Van Expedited, 578 U.S. at 421. When the Parties here stipulated to a voluntary dismissal with prejudice, Dkt. No. 36, Defendant achieved its objective of preventing "a material alteration in the parties' legal relationship," and "a final judgment achieving that objective suffices to render a defendant the prevailing party." Guglielmo, 2021 WL 4124660, at *4.

However, determining whether Plaintiff's claim was frivolous or meritless from the outset is more complicated. While the factual accounts by Plaintiff and Defendant appear to be in conflict, there is space for both Parties' versions of events to be accurate. Although Defendant states that Defendant's IP address data indicates that Plaintiff did not access the Website on the dates alleged in the amended complaint, Dkt. No. 49 at 4, n.3, there is no sworn testimony from Plaintiff about what IP address she used when allegedly accessing the Website. See generally Dkt. No. 47. Therefore, it is possible based on the current record before this Court that Plaintiff accessed the Website from a different IP address. Additionally, even assuming Defendant is

14

correct that no one visited the webpage hosting the music player in question on the dates alleged, Dkt. No. 38-1 at 13, the current record suggests that Plaintiff could have encountered accessibility issues on the Website that prevented her from reaching that webpage. Finally, while Defendant complains that the software Plaintiff used to scan the website cannot conclusively determine accessibility, it concedes that the web accessibility evaluation tools could *assist* in determining accessibility.  Dkt. No. 49 at 6.  Despite Defendant's assertions to the contrary, this Court cannot say conclusively that the Plaintiff relied on improper testing software to allege the Website was not properly accessible.

Given the untested competing allegations regarding the Website's accessibility and the possibility of compatible explanations on whether Plaintiff visited the website on the dates alleged, this Court is not persuaded that the claim was frivolous at the outset. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg Garment Co., 434 U.S. at 422. It is not clear from the Parties' accounts here that Plaintiff was wholly unreasonable.

Importantly, "a prevailing defendant seeking to recover attorneys' fees has a higher burden than does a prevailing plaintiff." E.E.O.C. v. Safeguard Chem. Corp., 166 F. Supp. 2d 810, 814 (S.D.N.Y. 2001). "[T]he Supreme Court has held that a defendant is not entitled to an award of fees on the same basis as a prevailing

plaintiff" because there are "'strong equitable considerations' for permitting routinely an award of fees to prevailing plaintiffs that 'are wholly absent' when a defendant prevails." Am. Fed'n of State, County & Mun. Emps., AFL-CIO v. County of Nassau, 96 F.3d 644, 650 (2d Cir. 1996) (quoting Christiansburg Garment Co., 434 U.S. at 412). For example, "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." Christiansburg Garment Co., 434 U.S. at 412. Applying this same entitlement to prevailing defendants "could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Id. at 422. Because there is significant concern about "chilling the initiation and prosecution of meritorious civil rights actions," attorneys' fees are "routinely awarded to a prevailing plaintiff who obtains some significant measure of relief, but are not so readily available to a prevailing defendant." LeBlanc-Sternberg v. Fletcher, 143 F.3d at 769-70.

Under this high standard, awarding fees to a prevailing defendant is generally unjustified "where evidence is introduced that, if credited, would suffice to support a judgment in favor of the plaintiff." LeBlanc-Sternberg v. Fletcher, 143 F.3d at 770 (internal citations and quotation marks omitted). Plaintiff met that threshold in her pleadings here by alleging that she was unable to complete a purchase on the Website, and there were no factual findings made in the underlying case because it was voluntarily dismissed before discovery began. See Dkt. No. 36. Moreover, this

16

Court is guided by the Second Circuit's instruction that awarding fees to a prevailing civil rights defendant should be "rare". <u>See</u> <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445 F.3d at 178; <u>Tancredi v. Metro. Life Ins. Co.</u>, 378 F.3d 220, 230 (2d Cir. 2004) (reversing an award of attorneys' fees to defendant where the underlying lawsuit "was not completely without foundation."). Therefore, because Defendant has not met its high burden of showing this action was "frivolous, unreasonable or without foundation" from the start, this Court finds that "an award of attorneys' fees would be inappropriate." <u>See</u> <u>E.E.O.C. v. Safeguard Chem. Corp.</u>, 166 F. Supp. 2d at 814.

## C. <u>Sanctions</u>

### 1.  Sanctions under § 1927 and the Court's Inherent Power.

Defendant's Motion seeks sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent power.  Dkt. No. 38-1 at 7.  As cited previously, "[t]o succeed on a motion for sanctions under either § 1927 or the Court's inherent powers, the movant must demonstrate "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." <u>Rock v. Enfants Riches Deprimes, LLC</u>, No. 17-CV-2618 (ALC), 2020 WL 468904, at *2 (S.D.N.Y. Jan. 29, 2020)(quoting <u>Revson v. Cinque & Cinque, P.C.</u>, 221 F.3d 71, 79 (2d Cir. 2000)).  As analyzed previously, this Court is not convinced that there is clear evidence that the Plaintiff's claims were meritless.  <u>See</u> <u>supra</u> Part B.  Therefore, this Court declines Defendant's request to sanction Plaintiff under § 1927.

17

## 2. Rule 11

However, Defendant has raised concerning issues regarding Plaintiff counsel's representations to the Court. Defendant asserts, "Plaintiff's excuse for dismissal of this case was 'logistical challenges' resulting from her recent relocation to Georgia; however, tellingly, she continues to pursue website accessibility claims against other defendants in both federal and state courts in New York." Dkt. No. 38-1 at 7.

"Rule 11(c) of the Federal Rules of Civil Procedures allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the [C]ourt. Fed. R. Civ. P. 11. Under this rule, a district court may sanction a party *sua sponte*." Williamson v. Recovery Ltd. P'ship, 542 F.3d at 51. Courts may issue *sua sponte* sanctions "only upon a finding of subjective bad faith." Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108 (2d Cir. 2013). Subjective bad faith may be found where an attorney "offer[s] 'essential' facts that explicitly or impliedly 'run contrary to statements' that the attorney made on behalf of the same client in other proceedings." Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 463 (S.D.N.Y. 2023) (quoting Revellino & Byczek, LLP v. Port Authority of N.Y. & N.J., 682 Fed. App'x 73, 75-76 (2d Cir. 2017)).

This Court finds that Plaintiff and her counsel were disingenuous when explaining their reason for dismissing this action. As a threshold matter, while Plaintiff contends that she "filed this Action with the goal of having Defendant

18

remediate its website[,]" Dkt. No. 46 at 8, this is belied by the fact that Plaintiff attempted to dismiss this action the day after Defendant said it would not settle. Dkt. No. 38-2 ¶ 26.

More concerning are the specific details provided to this Court by Plaintiff in her opposition to the Motion for Sanctions. Plaintiff attests that she moved to Georgia in mid-September 2023 and moved back to New York in mid-December 2023. Dkt. No. 47 ¶ 6-7. Plaintiff contends that "she intended to pursue this Action until her personal circumstances created logistical barriers to her participation. Unfortunately, because her husband subsequently lost his job, she moved back to New York, which meant that her other cases did not end up being dismissed." Dkt. No. 46 at 10-11.

During the time she was living in Georgia, Plaintiff and her counsel settled at least five similar claims against other defendants. See Jimenez v. Enwild, Inc., 23-cv-06555-AT at Dkt. Nos. 11-12 (indicating that parties settled on September 21, 2023); Jimenez v. MSJ Consulting, LLC, 23-cv-00328-AS at Dkt. No. 32 (indicating that parties settled on October 10, 2023); Jimenez v. Culprit Underwear LLC, 23-cv-06556-GHW at Dkt. Nos. 13-14 (indicating that parties settled on October 30, 2023); Jimenez v. Dolce Vita Footwear, Inc., 23-cv-06546-VSB at Dkt. No. 17 (reporting that parties reached settlement agreement on November 8, 2023); Jimenez v. RPKG Holdings, LLC, 23-cv-06559-JLR-BCM at Dkt. Nos. 19-20 (indicating that parties

settled on December 1, 2023). Because "[i]t is axiomatic that the decision to settle a case rests with the client[,]" In re Artha Mgmt., Inc., 91 F.3d 326, 329 (2d Cir. 1996)(citing Fennell v. TLB Kent Co., 865 F.2d 498, 501–02 (2d Cir.1989)), Plaintiff must have at minimum communicated with her attorneys and signed settlement agreements while she was living in Georgia. In each of these cases, Plaintiff was represented by her counsel in this action, Mizrahi Kroub LLP. Plaintiff's counsel navigated these other settlements with Plaintiff during the time she was allegedly in Georgia. Moreover, Defendant represents that "Plaintiff's counsel never inquired of [Defendant's] counsel whether Plaintiff's deposition could be conducted virtually[.]" Dkt. No. 49 at 8.

In this Court's view, it is highly implausible that "logistical barriers" were the reason for Plaintiff dismissing this suit when Plaintiff was able to participate in at least five other actions in this jurisdiction and Plaintiff's counsel took no action to alleviate any alleged challenges. Plaintiff's counsel was well aware that the representation that "[Plaintiff's] personal circumstances created logistical barriers to her participation" in this case was untrue. Dkt. No. 46 at 10. This Court finds that Plaintiff's counsel acted in bad faith by making statements to this Court that were impliedly contrary to their work representing Plaintiff in other cases.

Because Plaintiff's counsel made "misleading statements to the Court…with the intent that the Court would rely upon his representations, sanctions are

appropriate" under Rule 11. <u>Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC</u>, 924 F. Supp. 2d 505, 508 (S.D.N.Y. 2013). However, "Rule 11(e)(4) indicates that a sanction should be limited to that which is necessary to deter repetition of the conduct both by the offender and by others similarly situated." <u>Id.</u> Therefore, this Court has decided to impose a civil monetary penalty on Plaintiff's counsel in the amount of $500, payable to the Clerk of the Court. Mizrahi Kroub LLP is directed to file proof that they have made this payment by May 24, 2024.

<u>**CONCLUSION**</u>

**For the foregoing reasons, the Clerk of the Court is respectfully requested to close Defendant's motion for attorneys' fees at Dkt. No. 28 is <u>DENIED</u>.** Plaintiff's counsel Mizrahi Kroub LLP is directed to pay a civil monetary penalty in the amount of $500 to the Clerk of the Court by May 24, 2024.

SO ORDERED.

DATED:      New York, New York
              April 26, 2024

JENNIFER E. WILLIS
United States Magistrate Judge